HILLMAN & BROTHERS *v.* ANTHONY, RANKIN, *et al.*

1. MECHANICS' LIEN. *Enforced where. When cause may be transferred.* A mechanics' lien may be enforced by attachment, either at law or in equity, and when the proceeding is begun at law, it is a proper exercise of discretion in the Court to transfer it to the Chancery Court, where a bill for a like purpose was pending, that all the questions arising might be there determined.

Code cited: §§1987, 3543.

2. SAME. *Attachment. What affidavit to state.* But wherever begun, if the defendant be resident, the summons is the leading process, and the attachment auxiliary, and the latter may be incorporated with the former, and while the usual conditions as to affidavit and bond, etc., on which the attachment is issued, must be conformed to, the affidavit need not state any other ground for its issuance than that such lien is claimed.

Cases cited: Brown *v.* Brown, 2 Sneed, 431.

Code cited: §§1987, 3455.

---

FROM SUMNER.

---

Appeal from the Chancery Court. CHARLES G. SMITH, Chancellor.

W. B. BATE and JAMES W. MCHENRY for complainant.

C. B. & LEE HEAD, and G. W. & B. F. ALLEN for defendants.

DEADERICK, J., delivered the opinion of the Court.

In March, 1860, Anthony bought of Moore & Ellis,

machinists, of Nashville, certain machinery, consisting of engine, boiler and saw mill, which was erected upon Anthony's land in Sumner County, under the supervision of said Moore & Ellis.

The notes of Anthony were executed to Moore & Ellis in March, 1860, and falling due at different periods, the last one, which is in controversy in this case, falling due eight months from the date of its execution.

Defendant, Rankin, became surety on said notes, and he and Anthony were sued upon said last named note by Hillman & Brothers, to whom it had been transferred before due. The suit was instituted by the issuance of summons, in December, 1860, in the Circuit Court of Sumner County, and an ancillary attachment issued at the same time with the summons, and levied on the land of Anthony, claiming mechanics lien.

During the late civil war, most of the papers in the cause were lost or destroyed, and in November, 1865, they were supplied in part under the direction of the Court, and in part, by the agreement of the the parties.

In December, 1860, Anthony made a deed of trust to secure certain creditors, including the land upon which the saw mill had been erected, and on which the attachment had been levied. And in November, 1865, this bill was filed by complainants in the Chancery Court of Sumner County, enjoining the trustee, Bennett, from paying out the proceeds of the said

land, claiming that a machinist's or mechanic's lien existed in their favor, and that complainants had a suit to enforce it pending in the Circuit Court of said county. Soon after the filing of the bill, upon application of plaintiffs in the Circuit Court, the cause there pending was transferred to the Chancery Court, where the bill was pending, the Court being of opinion that the cause then pending in said Circuit Court, was of an equitable character, and best suited to the jurisdiction and forms of proceeding of the Chancery Court.

Other proceedings were had in said Chancery Court, in which the parties beneficially interested in the 'trust deed, by cross-bill were brought into the Chancery Court, but it is unnecessary to further notice those proceedings, or the application of Bennett, the trustee, to file an answer, and the refusal of the Court to grant him leave, as we think there was no error in such refusal.

Anthony answered, and the Chancellor dismissed complainants bill, and they have appealed to this Court.

The suit at law upon the note was begun by summons, the attachment issued was styled ancillary.

In *Brown* v. *Brown*, 2 Sneed, 431, it is held, that, the attachment which secures and ·enforces the mechanics' lien is auxiliary and collateral to the original process which compels the appearance of the defendant, except in cases under the Statutes which authorize the issuance of an original attachment to compel appearance; so, where a defendant is not a non-resident, or

absconding, etc., he must be served personally with notice of the suit, and the auxiliary attachment may issue simultaneously with the summons, and be levied upon the defendant's property in order to preserve and enforce the lien.

But being in aid of the ordinary remedy by suit, the attachment must follow it, and be issued from the same Court which has jurisdiction of plaintiffs' demand, conforming at the same time to the usual conditions as to the affidavit, bond, etc., on which the attachment is issued.

§1987 of the Code, briefly enacts: " This (the mechanics') lien shall be enforced by attachment, either in law or in equity." This section prescribes no different form of procedure from those obtaining in other cases, in which attachments may issue. It does not authorize dispensing with the bond, writ and affidavit, essential, as repeatedly held in other cases of attachment.

Without the Statute authorizing the attachment in favor of mechanics, it could not issue at all, except for certain enumerated causes.

This proceeding may be by bill or petition setting forth the facts, and the facts to be set forth are those entitling him, under the Statute to the lien.

The defendant must be summoned to appear, to answer the plaintiffs' suit, whether it be begun at law or in equity, unless there be cause alleged for the issuance of an original attachment under §3455 of the Code.

Hillman v. Anthony.

Where process is served upon the person, the attachment is auxiliary process, and in *Brown* v. *Brown,* 2 Sneed, 431, it is said if the plaintiff desires to secure and enforce his lien, " he must cause an attachment to be levied on the property as auxiliary to the leading process in the suit, or we see no objection to its being incorporated with the leading process, so that it distinctly appear, and be levied on the property," so that the main fact to be made to appear, is, that it is such a proceeding as is authorized under our Statutes giving the mechanics's lien.

At the April Term, 1872, of the Chancery Court, upon the motion of defendants, the bill was dismissed upon the grounds, that the attachment issued at law to enforce the mechanics' lien was void, on account of the supposed insufficiency of the affidavit and writ.

As an ancillary attachment, it would be insufficient in ordinary cases; but in a case where its sole object is in aid of the suit to enforce the mechanics' lien, it need not state any other ground for its issuance than that such lien is claimed.

This is done very distinctly in the affidavit, which prays for the issuance of an attachment to be levied upon the lands, upon which the machinery was erected, describing in the affidavit the machinery and the land, as well as the amount and character of the indebtedness, and praying for the enforcement of said lien by said attachment. A sufficient bond was given.

The attachment was issued and levied upon the land.

The §3543 of the Code, applies exclusively to mechanics' lien, which may be enforced at law or in equity, by "bill or petition under oath, setting forth the facts," upon the giving bond, etc.

Or, according to the case in 2 Sneed, 431, the attachment may be incorporated with the leading process.

We are of opinion, therefore, that the proceedings at law were sufficient to fix and preserve the mechanics' lien, and that it was a proper exercise of discretion to transfer said legal proceedings to the Chancery Court, where this bill was pending, so as to have all the questions arising within the control and jurisdiction of the same Court.

The Chancellor's decree dismissing the bill will be reversed, and the complainants will have a decree to enforce said lien, and the defendants, who filed cross-bills, will pay the costs thereof respectively, in this Court and the Court below, and the residue of the costs will be paid by defendants.